-1-

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re CARTER'S, INC. PRICING LITIGATION, | MDL - _____ |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   A Limited Liability Partnership
   Including Professional Corporations
Jay T. Ramsey, Cal Bar No. 273160
P. Craig Cardon, Cal Bar No. 168646
Alyssa Sones, Cal Bar No. 318359
Patrick D. Rubalcava, Cal Bar No. 335940
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
jramsey@sheppardmullin.com
ccardon@sheppardmullin.com
asones@sheppardmullin.com
prubalcava@sheppardmullin.com

Dane C. Brody Chanove, Cal Bar No. 345843
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.506.3691
dbrodychanove@sheppardmullin.com

Attorneys for Defendant Carter's, Inc.

Defendant Carter's, Inc. ("Carter's") submits this Brief in support of its Motion, pursuant to 28 U.S.C. section 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an order transferring to the United States District Court for the Northern District of Georgia all pending federal actions for alleged violation of state consumer protection laws based on Carter's use of discounts when selling its products. In the alternative, Carter's seeks an order transferring the actions to the District of Oregon.

By filing this Motion, Carter's does **not** waive its right to move to compel some or all of the Plaintiffs' claims to arbitration at a later time, after Carter's has conducted its initial investigations and determined whether any arbitration clause is applicable. *See, e.g.*, *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 727 (7th Cir. 2004), *aff'd sub nom. Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759 (7th Cir. 2006)) (noting that a motion to transfer venue does not constitute a waiver of the right to arbitrate).

## **INTRODUCTION**

There are currently three district court actions ("Actions") pending in the Central District of California, the District of Oregon, and the Southern District of New York that allege substantially identical claims against Carter's, all brought by the same Plaintiffs' counsel. The Actions follow on an earlier case against Carter's, brought by the same Plaintiffs' counsel in the Northern District of Georgia, where Carter's is headquartered, which was litigated between 2016 and 2019—*Morrow v. Carter's, Inc.*, No. 1:16-cv-01485-ELR (N.D. Ga.). All three Actions, like the case before it, arise from similar or identical factual allegations: Each plaintiff visited a Carter's store, viewed signs advertising discounted prices, and purchased items; each Plaintiff was then allegedly injured because, according to them, Carter's pricing practices render the discounts false or misleading. Each Action asserts claims under state consumer protection and/or

unfair competition laws in the states where the Actions are currently pending. Further, each Plaintiff is represented by the same set of counsel, and Carter's will be represented by the same core counsel in each Action.

Because all of the Actions arise from the same set of core allegations, and deviate only with respect to each Plaintiff's personal interactions, consolidation of the Actions for pre-trial purposes will serve the convenience of the parties and witnesses, promote just and efficient conduct of this litigation, and avoid inconsistent or duplicative rulings. Therefore, for the sake of judicial economy, these cases should be consolidated. Indeed, courts regularly consolidate into MDL proceedings false advertising cases like these ones, where the plaintiffs allege misstatements about a product, and the different actions just bring claims based on those same core facts under different state consumer protection statutes in district courts in different states. *See, e.g.*, *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. Litig.*, 178 F. Supp. 3d 1377, 1378 (J.P.M.L. 2016) (transferring for coordinated or consolidated pretrial proceedings actions "shar[ing] factual questions arising out of the allegation that defendants label and advertise Natural American Spirit cigarettes as 'natural' and '100% additive free' in a false and misleading manner in violation of state consumer protection and false advertising laws"); *In re: 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 949 F. Supp. 2d 1357 (J.P.M.L. 2013) (transferring for coordinated or consolidated pretrial proceedings actions "shar[ing] factual questions arising out of allegations that Innovation Ventures, LLC, used false advertising and deceptive marketing to mislead consumers concerning the benefits of its 5–Hour Energy 'energy shot'"); *In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) (transferring for coordinated or consolidated pretrial proceedings actions asserting similar causes of action for, among other things, false advertising and alleged unfair business practices).

Here, in particular, the Actions should be consolidated in the United States Court for the Northern District of Georgia since (1) it encompasses the city where Carter's, Inc. is headquartered, (2) it is the District where potential witnesses and documents are located, (3) the prior *Morrow* case was litigated there, and (4) no single Action is at a more advanced stage of pretrial proceedings. Further, because the prior case was litigated before the Honorable William M. Ray II in the Northern District of Georgia, Carter's respectfully submits that transfer of all three Actions to him makes the most sense.[1]

## FACTUAL BACKGROUND

### 1. All Three Actions Arise from the Same Set of Core Facts

Carter's is the largest branded retailer of young children's apparel in North America. It owns two of the most recognized and trusted brand names in the children's apparel market: *Carter's* and *OshKosh B'gosh*. Carter's sells products in its various brick-and-mortar stores located throughout the country, as well as on its website, www.carters.com. In marking its products for sale, Carter's attaches price tags to its merchandise noting the Manufacturer's Suggested Retail Price ("MSRP") of the item, as well as the "Date of Birth" of the item, reflecting the date that Carter's began offering the product at its full, MSRP price. After being offered at its full, MSRP price for a certain period of time, Carter's sometimes marks down the item—offering it at a discount both in-stores and online.

---

[1] In the alternative, for the reasons explained below, the Actions should be transferred to the Honorable Michael H. Simon in the District of Oregon, who is the judge in the Action filed in Oregon. He has presided over several multidistrict litigations and is therefore an appropriate transferee judge.

Plaintiffs and their counsel have recently filed three lawsuits against Carter's asserting that the discounts from Carter's full, MSRP prices are false and misleading. The three Actions are listed below:

a. *Adina Ringler v. Carter's, Inc.*, Case No. 2:24-cv-06878 (C.D. Cal.)

   i. Counsel for Plaintiff: Todd D. Carpenter, Matthew J. Zevin, Scott G. Braden, and James B. Drimmer of Lynch Carpenter LLP

   ii. Counsel for Defendant: Jay T. Ramsey, P. Craig Cardon, Alyssa Sones, Patrick D. Rubalcava, and Dane C. Brody Chanove of Sheppard, Mullin, Richter & Hampton LLP

b. *Shaheen Namvary v. Carter's, Inc.*, Case No. 1:24-cv-06787-LJL (S.D.N.Y.)

   i. Counsel for Plaintiff: Todd D. Carpenter, Matthew J. Zevin, Scott G. Braden, and James B. Drimmer of Lynch Carpenter LLP

   ii. Counsel for Defendant: Jay T. Ramsey, P. Craig Cardon, Alyssa Sones, Patrick D. Rubalcava, and Dane C. Brody Chanove of Sheppard, Mullin, Richter & Hampton LLP

c. *Ann Booth v. Carter's, Inc.*, Case No. 3:24-cv-01341-SI (D. Or.)

   i. Counsel for Plaintiff: Kim D. Stephens and Joan M. Pradhan of Tousley Brain Stephens PLLC and Todd D. Carpenter, Matthew J. Zevin, Scott G. Braden, and James B. Drimmer of Lynch Carpenter LLP

   ii. Counsel for Defendant: Jay T. Ramsey, P. Craig Cardon, Alyssa Sones, Patrick D. Rubalcava, and Dane C. Brody Chanove of Sheppard, Mullin, Richter & Hampton LLP

As shown in Exhibit D in support of the Motion, the key factual allegations of each of the three Actions are nearly identical. *See* Exhibit D.[2] In particular, each of the Actions alleges that Plaintiffs visited a Carter's store; Plaintiffs viewed marketing materials from Carter's, advertising items at discounted prices; Plaintiffs subsequently purchased items; and Plaintiffs overpaid for the items because the reference prices were false. *See id*. Plaintiffs further allege that Carter's pricing practices are consistent across stores, and thus in all Actions. *See* Ex. A, Complaint ¶ 33 n.30; Ex. B, Complaint ¶ 36 n.30; Ex. C, Complaint ¶ 35 n.28. Moreover, in each action, Plaintiffs assert that there are common questions of law and fact across the putative classes—the common questions they identify are the same in each Action, proving again that all actions should be consolidated. *See* Ex. A, Complaint ¶ 56; Ex. B, Complaint ¶ 69; Ex. C, Complaint ¶ 57.

And as shown in Exhibit E in support of the Motion, each of the Actions asserts one or more causes of action for violation of state consumer protection and/or unfair competition laws in connection with Plaintiffs' allegations that Carter's utilized false reference pricing advertising and/or marketing methods.

## ARGUMENT

**1.     The Actions Should be Consolidated**

    **A.     Standards for Consolidation or Coordination**

Transfer under section 1407 for consolidated pretrial proceedings is generally appropriate when the constituent cases involve "common questions of fact," when transfer will serve "the convenience of the parties and witnesses," and when consolidation will "promote the just and

---

[2] Indeed, the complaints in each action are copy-and-paste versions of one another—with the only changes being the Plaintiffs' information and the corresponding state consumer protection and/or unfair competition law(s) under which the Plaintiffs are bringing claims.

efficient conduct" of the actions to be transferred. 28 U.S.C. § 1407; *see also In re Starmed Health Personnel, Inc., Fair Labor Standards Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003). "Just and efficient" has a distinct meaning—"to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinat[ing] district and appellate courts in multi-district civil actions." *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, MDL 1358, 2005 WL 106936, *5 (S.D.N.Y. Jan. 18, 2005) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491–92 (J.P.M.L. 1968)).

As the Panel often recognizes, transfer under section 1407 "has the salutary effect of placing all actions in [a] docket before a single judge who can formulate a program that ensures the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Cook Medical, Inc., Pelvic Repair Sys. Prod. Liability Litig.*, MDL No. 2440, 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013); *see also Garcia v. Wachovia Bank, N.A. (In re Checking Account Overdraft Litig.)*, MDL No. 2036, 829 F. Supp. 2d 1316, 1322 (S.D. Fla. 2011) (quoting *In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009)).

The goals of section 1407 are achieved "through the coordination of discovery." *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, MDL No. 2272, 2012 WL 3582708, *3 (N.D. Ill. Aug. 16, 2012) (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1997 WL 109595, at *2 (E.D. Pa. Mar. 7, 1997)). "Without it, 'conflicting pretrial discovery demands for documents and witnesses' might 'disrupt the functions of the Federal courts.'" *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006) (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess. 1 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1899)).

Moreover, the alternative to coordinated pretrial proceedings may be "multiplied delay, confusion, conflict, inordinate expense and inefficiency." *Id.* (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L. 1968)).

Transfer of the Actions to a single jurisdiction for consolidated pretrial proceedings is appropriate because the Actions involve the same set of core allegations and pricing practices, and so consolidating and coordinating their adjudication will serve the convenience of the parties and promote just and efficient resolution of these Actions.

### B. The Actions Involve Identical Factual Allegations

Each of the Actions arises from the same underlying circumstances, seeks redress for the same alleged injury, and brings substantially the same causes of action under each state's respective consumer protection laws. *See* Exs. D & E. These causes of action all arise out of Carter's alleged use of false reference pricing, and, in each case, the plaintiff alleges harm as a resultant injury of these practices. Indeed, as noted above, Plaintiffs assert that there are common questions of law and fact across the putative classes in each Action, and the common questions they identify are the same in each Action, proving again that all actions should be consolidated and adjudicated together. Exhibits D and E identify the specific factual and legal issues that are identical across the three Actions. A determination of these common issues will depend on the same type of evidence and discovery.

While there are factual differences in each case (*e.g.*, each plaintiff visited a different store and made a separate purchase of a unique item), a complete identity of common factual issues, or even a common outcome, is not a requirement for section 1407 transfer. *See In re Tribune Co. Fraudulent Conveyance Litig.*, 831 F. Supp. 2d 1371, 1371–72 (J.P.M.L. 2011) ("Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization") (*citing In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L.2009)). This is especially true in the early stages of litigation. *In re: Uber*

*Technologies, Inc., Passenger Sexual Assault Litig.*, MDL No. 3084, 2023 WL 6456588, *1 (J.P.M.L. October 4, 2023) ("'Although individualized factual issues may arise in each action, such issues do not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization.'") (quoting *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017)).

        **C.**      **Centralization of the Actions Will Serve the Convenience of the Parties and Witnesses and Promote Just and Efficient Resolution of This Litigation**

Transferring these cases for consolidated pretrial proceedings will serve "the convenience of the parties and witnesses." 28 U.S.C. § 1407. This is especially true here, where the potential for duplicative or redundant pretrial proceedings can be avoided, in large part, by a single judge formulating a pretrial program that will minimize witness inconvenience, control expenses for the parties involved, and manage discovery in a coordinated, streamlined way. *In re Ephedra Products Liability Litig.*, MDL No. 1598, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004).

As noted above, the Actions center on nearly identical factual allegations and claims against Carter's by three individual plaintiffs in three different judicial districts before three different judges. Because these Actions arise from the same underlying factual circumstances and the same core allegations, each plaintiff will necessarily seek the same or similar evidence in an attempt to prove their respective cases. Carter's anticipates that each plaintiff will seek to depose the same organizational witnesses for topics such as the creation, implementation, and application of marketing materials advertising discounted prices for items in Carter's brick-and-mortar store locations and online on Carter's website. Each plaintiff likely will request that Carter's produce the same set of documents (e.g., policies and documents regarding the creation and application of Carter's pricing structure and aggregated reports on price point, price history, etc.). Each plaintiff will serve similar written discovery. Absent coordination, this discovery will occur in each of the three Actions, potentially requiring Carter's to respond to hundreds of separate discovery requests. This excessive duplication of discovery is

entirely unnecessary and would be substantially burdensome on the parties and Carter's witnesses, who would be required to appear for multiple depositions and to answer similar questions about identical factual circumstances. It would be far more efficient and convenient for the parties, witnesses, and counsel to coordinate written discovery and depositions of both lay and expert witnesses, as well as to create a common repository of relevant documents, should this matter reach that stage.

Consolidation or coordination of the Actions also "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Given the number of the Actions and of the plaintiffs represented therein, it is foreseeable that disputes will arise requiring judicial resolution, such as the scope of discoverable information, specific provisions of a protective order, rulings on objections and responses to written discovery, and rulings on pleadings motions. Absent coordination, it will be necessary to seek input from as many as three different judges to address similar issues—which could result in different outcomes for similarly-situated plaintiffs and which could raise due process concerns, or as discussed below, result in an unnecessary drain on judicial resources.

For the same reasons, there will be judicial savings and efficiencies by litigating common pretrial issues and coordinating all discovery in front of one court before the individual cases are referred back to their original, transferor districts. To the extent there are any discovery issues unique to a particular Action, the transferee judge can proceed concurrently with common discovery, allowing the litigation to proceed expeditiously in both arenas. *See In re National Airlines*, 399 F. Supp. 1405, 1407 (J.P.M.L. 1975) (rejecting argument against transfer of actions that the differences in the various complaints preclude section 1407 treatment where the actions shared "common factual questions" and any unique discovery needs could be addressed by transferee judge). Further, coordination of the Actions in one district court will conserve judicial resources and the parties' time and money by ensuring that they are not required to litigate on

multiple fronts simultaneously.  *See In re Cutter Labs., Inc. etc.*, 465 F. Supp. 1295, 1297 (J.P.M.L. 1979) (transferring MDL to Eastern District of New York, rejecting argument that certain claims should be excluded from transfer and noting that transferee judge has option of remanding certain cases to transferor court).

The foregoing benefits will be maximized here because each Action is in the early stages of litigation.  The operative complaint in each of the Actions was filed within the past two months, Carter's has not yet responded to any of the pleadings, and none of the plaintiffs in any of the Actions have served written discovery on Carter's.  No depositions have yet been noticed or conducted in any of the Actions.  The Actions are related and capable of coordination at the most fundamental level, and it is in the interest of all parties to have coordination or consolidation determined now, before the Actions progress further and costs accrue.

**2.      Transfer to the Northern District of Georgia Is Appropriate**

The Northern District of Georgia is an appropriate transferee forum for this litigation.  In making a determination as to which district should be the transferee court, the Panel may give particular consideration to the district where a defendant maintains its corporate headquarters.  *See In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, 381 F. Supp. 2d 1383, 1384 (J.P.M.L. 2005) (transferring MDL to Northern District of Illinois, because "Sears's corporate headquarters . . . are located there"); *In re Wireless Tel.*, 293 F. Supp. 2d at 1380 (transferring MDL to Western District of Missouri because "the district is within the metropolitan area in which is located the headquarters of a principal . . . defendant group, Sprint Corp. and its affiliates"); *In re Air Crash Disaster at Sioux City*, 128 F.R.D. 131, 132 (J.P.M.L. 1989) (transferring MDL to Northern District of Illinois because defendant's main office is located

there); *In re National Airlines*, 399 F. Supp. at 1407 (transferring MDL to Southern District of Florida because "National is a Florida-based corporation").

Here, Carter's corporate headquarters, as well as many potential witnesses and documents, is located it in Atlanta, Georgia—making the Northern District of Georgia the most appropriate transferee court because Carter's can make witnesses available for depositions and hearings in that venue. That none of the Actions are currently pending in the Northern District of Georgia is immaterial and not a jurisdictional bar to transfer. *See In re Cement and Concrete Antitrust Litigation*, 437 F. Supp. 750, 753 (J.P.M.L. 1977) ("In appropriate circumstances we would order transfer of a group of actions to a district in which none of the constituent actions is pending."); *see also In re Southwestern Life Ins. Co. Sales Practices Litigation*, 268 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) ("Even though no constituent action is currently pending in the Northern District of Texas, we are persuaded that this district is an appropriate transferee forum for this litigation. We note that (i) relevant documents and witnesses are likely located there at or near Southwestern Life's Dallas home office and (ii) several plaintiffs reside in Texas."); *In re Sundstrand Data Control, Inc. Patent Litigation*, 443 F. Supp. 1019, 1021 (J.P.M.L. 1978).

3. **The Panel Should Transfer The Action to the Honorable William M. Ray II in the Northern District of Georgia; In the Alternative, it Should Transfer the Action to the Honorable Michael H. Simon in the District of Oregon**

If the Panel issues an order transferring this litigation to the Northern District of Georgia, it should transfer the litigation to the Honorable William M. Ray II. "[T]he availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum . . . ." *In re Ampicillin Antitrust Litigation*, 315 F. Supp. 317, 319 (J.P.M.L. 1970). Judge Ray previously presided over a case, *Morrow v. Carter's Inc.*, No. 1:16-cv-01485-ELR (N.D. Ga.), filed by Plaintiffs' counsel against Carter's for violation of Georgia's

consumer protection law in connection with similar or identical factual allegations as the instant Actions. This makes Judge Ray an appropriate transferee judge. *See In re Train Derailment Near Tyrone, Okl., On April 21, 2005*, 545 F. Supp. 2d 1373, 1374 (J.P.M.L. 2008) (assigning litigation to judge "who has already developed familiarity with the issues involved"); *In re Qwest Communications Intern., Inc., Securities & "Erisa'" Litigation (No. II)*, 444 F. Supp. 2d 1343 (J.P.M.L. 2006) (assigning litigation to judge "who is already familiar with many of the factual issues posed by these actions"); *In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation*, 398 F. Supp. 2d 1361 (J.P.M.L. 2005) (noting "the judge to whom we are assigning this litigation has already developed familiarity with the issues present in this docket").

In the alternative, the Panel should transfer the litigation to the Honorable Michael H. Simon in the District of Oregon, who is the judge in the Action filed in Oregon. He has presided over several multidistrict litigations and is therefore an appropriate transferee judge. *See In re Fasteners Antitrust Litigation*, 536 F. Supp. 2d 1378 (U.S.J.P.M.L. 2008) (assigning litigation to judge "who is experienced in multidistrict litigation"); *In re Merscorp Inc., Real Estate Settlement Procedures Act (RESPA) Litigation*, 473 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (assigning litigation to judge who "is an experienced jurist in multidistrict litigation").

## **CONCLUSION**

For the foregoing reasons, Carter's respectfully requests that this Panel enter an Order consolidating the scheduled cases for pretrial proceedings and transfer them to the Honorable William M. Ray II in the United States District Court for the Northern District of Georgia—or, in the alternative, to the Honorable Michael H. Simon in the United States District Court for the

District of Oregon—for administration pursuant to 28 U.S.C. section 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Dated: October 15, 2024

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Jay T. Ramsey*

    Jay T. Ramsey, Cal Bar No. 273160
    P. Craig Cardon, Cal Bar No. 168646
    Alyssa Sones, Cal Bar No. 318359
    Patrick D. Rubalcava, Cal Bar No. 335940
    1901 Avenue of the Stars, Suite 1600
    Los Angeles, California 90067-6055
    Telephone: 310.228.3700
    Facsimile: 310.228.3701
    jramsey@sheppardmullin.com
    ccardon@sheppardmullin.com
    asones@sheppardmullin.com
    prubalcava@sheppardmullin.com

    Dane C. Brody Chanove, Cal Bar No. 345843
    12275 El Camino Real, Suite 100
    San Diego, California 92130-4092
    Telephone: 858.720.8900
    Facsimile: 858.506.3691
    dbrodychanove@sheppardmullin.com

    Attorneys for Defendant Carter's, Inc.