UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CARTER'S, INC., MARKETING AND
SALES PRACTICES LITIGATION                                                    MDL No. 3131


ORDER DENYING TRANSFER


**Before the Panel**:[*] Common defendant, Carter's, Inc. (Carter's), moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Georgia or, alternatively, the District of Oregon. This litigation consists of three actions pending in three districts, as listed on Schedule A. Plaintiffs, represented by common counsel, do not oppose centralization in the Northern District of Georgia.

On the basis of the papers filed and the hearing session held, while we agree that common factual issues exist, we are not persuaded that Section 1407 centralization is necessary at this time to promote the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that Carter's wrongfully engages in a systematic false price-comparison scheme.

Despite any factual overlap among the actions, we have emphasized that Section 1407 should be the last solution after considered review of all other options, including cooperation and coordination. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.,* 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012). This is so even when a motion for centralization is unopposed. *See In re Equinox Fitness Wage & Hour Emp't Practices Litig.*, 764 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) ("[T]he Panel has an institutional responsibility that goes beyond simply accommodating the particular wishes of the parties."). We have found that, "where . . . only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Nat'l Rifle Ass'n Bus. Expenditures Litig.*, 521 F. Supp. 3d 1353, 1354 (J.P.M.L. 2021) (internal quotations omitted).

Here, we view centralization as unneeded. The alleged false price-comparison scheme at issue in all actions does not appear to be unduly complex, given the number of actions, parties, and counsel.

---

[*] Judge Matthew F. Kennelly did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

- 2 -

Defendant is represented by common counsel in all actions, and plaintiffs share counsel.[1]  The complaints allege non-overlapping statewide classes, and plaintiffs stated that they are amenable to informally coordinating.  These circumstances suggest that cooperation among the parties and deference among the courts can easily minimize the possibilities of duplicative discovery or inconsistent pretrial rulings.  *See, e.g.*, *In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton  David C. Norton
Roger T. Benitez    Dale A. Kimball
Madeline Cox Arleo

---

[1] At oral argument, counsel for defendant represented that a different plaintiffs' firm has been advertising to file additional claims against Carter's.  But no actions have been filed about this controversy since September 2024.  The mere possibility that additional actions may be filed sometime in the future does not support centralization.  *See, e.g.*, *In re Route 91 Harvest Festival Shootings in Las Vegas, Nevada, on October 1, 2017*, 347 F. Supp. 3d 1355, 1358 (J.P.M.L. 2018) (explaining that the Panel generally "does not take into account the mere possibility of future filings when considering centralization" where defendant argued that it had received pre-litigation letters from 63 attorneys representing 2,462 individuals and one attorney claimed that 22,000 lawsuits were expected).

**IN RE: CARTER'S, INC., MARKETING AND**
**SALES PRACTICES LITIGATION**                    MDL No. 3131

## SCHEDULE A

<u>Central District of California</u>

RINGLER v. CARTER'S, INC., ET AL., C.A. No. 2:24−06878

<u>Southern District of New York</u>

NAMVARY v. CARTER'S, INC., ET AL., C.A. No. 1:24−06787

<u>District of Oregon</u>

BOOTH v. CARTER'S, INC., C.A. No. 3:24−01341